895 F.2d 501
 UNITED STATES of America, Appellant,
v.
Venita J. COLEMAN, Appellee.
UNITED STATES of America, Appellant,
v.
Deetra J. KINDLE, Appellee.
UNITED STATES of America, Appellant,
v.
Ella Simone TERRILL, Appellee.
UNITED STATES of America, Appellant,
v.
Elana Roxanne TERRILL, Appellee.
 No. 89-1704.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 15, 1989.
Decided Feb. 7, 1990.
 
 Robert J. Erickson, Washington, D.C., for U.S.
 Claudia York, Kansas City, Mo., for Coleman.
 Leonard Meyer, Kansas City, Mo., for D. Kindle.
 James B. Jackson, Kansas City, Mo., for Ella Terrill.
 Kevin Locke, Kansas City, Mo., for Elana Terrill.
 Before ARNOLD, FAGG, and MAGILL, Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 Venita Coleman, Deetra Kindle, Ella Terrill, and Elana Terrill (appellees) were each charged with one count of conspiracy and at least one count of distribution of cocaine within one thousand feet of a schoolyard in violation of 21 U.S.C. Sec. 845a(a). In exchange for their promises of future cooperation, the prosecutor agreed to drop all counts except for at least one count against each appellee of distributing cocaine within one thousand feet of a school. Although the government agreed to inform the district court of appellees' cooperation, it consistently refused to file a motion pursuant to 18 U.S.C. Sec. 3553(e) asking for a departure below the mandatory one-year minimum sentence provided for by 18 U.S.C. Sec. 845. Appellees moved for an order directing the government to file a motion. Because the district court found the letters detailing appellees' cooperation to be the functional equivalent of a Sec. 3553(e) motion, it imposed sentences below the minimum[1] without ordering the government to file a motion.
 
 
 2
 The issues to be decided on appeal are (1) whether a government motion under Sec. 3553(e) is specifically required before the court may depart from the mandatory minimum sentence imposed by statute; (2) if a motion is not required, whether the cooperation letters provided a sufficient basis for the court to depart; and (3) if a motion is required, whether the plea agreements obligated the government to file a Sec. 3553(e) motion. Because the plea agreements clearly did not obligate the government to file a Sec. 3553(e) motion and the district court departed without a motion by the government, we reverse and remand for further proceedings consistent with this opinion.
 
 I.
 
 3
 The government charged appellees with one count of conspiracy and at least one count of distribution of cocaine within one thousand feet of a schoolyard. Appellees thereafter entered into plea negotiations with the government.
 
 
 4
 During the negotiations, various defense counsel asked the government to commit itself to filing a Sec. 3553(e) motion if appellees' cooperation proved to be substantial. The counsel also sought to place a provision to that effect into the plea agreements. The government categorically refused to commit itself to file such a motion on behalf of any of the appellees by placing such a provision into the plea agreements. Furthermore, counsel for Coleman was advised that "the government would agree only to advise the court of the nature, extent and importance of the cooperation provided by each of the female defendants." United States v. Coleman, 707 F.Supp. 1101, 1105 (W.D.Mo.1989). The government stated, however, that it would not file a Sec. 3553(e) motion no matter what the level of an appellee's cooperation. Id. Counsel for Kindle was also advised that the government would only inform the court of her cooperation. Id. Counsel for Ella Terrill was advised that the filing of a Sec. 3553(e) motion would be considered, depending upon her cooperation. Although refusing to commit itself to filing the motion, the government did agree to inform the court of her cooperation. Id. Finally, counsel for Elana Terrill was advised of an alleged policy against filing Sec. 3553(e) motions which would preclude the government from filing a motion no matter how substantial her cooperation. Nevertheless, the government indicated it would advise the sentencing court of her cooperation. Id. at 1105-06.
 
 
 5
 These negotiations culminated in the execution of several plea agreements whereby all charges against appellees were dismissed except for at least one count against each of the four appellees for distributing cocaine within one thousand feet of a schoolyard. Appellees agreed to plead guilty to this charge. The agreements[2] further provided in part that:
 
 
 6
 The United States will advise the sentencing court of the nature, extent, and importance of the cooperation provided by the defendant. It is understood by the parties that the United States Attorney is not precluded from allocuting or recommending any specific sentence to be imposed as provided by Rule 32, Federal Rules of Criminal Procedure.
 
 
 7
 Plea Agreement, p 9. Paragraph 2 stated that each appellee's "total potential criminal exposure as a result of her plea" included incarceration for "not less than one (1) year, not more than forty (40) years."[3] Finally, paragraph 12 stated that the plea agreement constituted "the complete agreement between the parties and [that] no other promises, express or implied, [were] made by the United States or its representatives to the defendant[s] or to the [defendants'] attorney[s]."
 
 
 8
 After entering their pleas, each of the appellees cooperated with the government by providing information regarding illegal drug activity and by testifying against a drug leader at his trial. The government subsequently informed the sentencing court by letter of the nature, extent and importance of each appellee's cooperation. Defense counsel thereafter again urged the government to file a Sec. 3553(e) motion. The government again categorically refused to file a motion pursuant to Sec. 3553(e) on behalf of appellees. However, the government informed counsel for Kindle that it had not yet decided whether to file a Sentencing Guideline, Sec. 5K1.1 motion on her behalf. The government never filed either a Sec. 5K1.1 or Sec. 3553(e) motion.
 
 
 9
 Appellees moved the district court for an order directing the government to file a Sec. 3553(e) motion. The court found the plea agreements to be ambiguous and concluded that the government's own construction thereof "obviates the necessity of entering any order directing the government to file a set of Section 3553(e) motions. ... [W]e treat [the government's cooperation] letters ... as the functional equivalent of Section 3553(e) motions filed in regard to each of the defendants." United States v. Coleman, 707 F.Supp. at 1119. The court thereafter imposed sentences below the statutory minimum. From this order, the government appeals.II.
 
 
 10
 We review the sentences imposed by the district court pursuant to the Sentencing Guidelines under 18 U.S.C. Sec. 3742. Therefore, we may reverse if the sentences were imposed in violation of law. Id. Sec. 3742(e)(1).[4] In conducting our inquiry, however, we must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless clearly erroneous." Id. Sec. 3742(e).
 
 A.
 
 11
 Appellees contend that the district court properly departed from the mandatory one year minimum sentence of Sec. 845a(a) even though the government had not filed a Sec. 3553(e) motion. The district court's decision was based on its conclusion that the cooperation letters filed by the government were the functional equivalent of a Sec. 3553(e) motion. As a result, the district court concluded that a Sec. 3553(e) motion was not necessary for it to depart from the mandatory minimum sentence. Section 3553(e) provides that:
 
 
 12
 Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission....
 
 
 13
 18 U.S.C. Sec. 3553(e) (emphasis added).
 
 
 14
 Section 3553(e)'s counterpart under the guidelines is Sec. 5K1.1. That section provides in part that "[u]pon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Sentencing Guidelines, Sec. 5K1.1 (Nov. 1, 1987) (emphasis added). Although the two sections can have different effects,[5] their requirement of a government motion before departure in recognition of a defendant's substantial assistance is identical; the requirement is clear and unambiguous. Therefore, we construe Sec. 3553(e)'s motion requirement exactly as we construe Sec. 5K1.1's motion requirement. See United States v. Francois, 889 F.2d 1341, 1345 (4th Cir.1989).
 
 
 15
 In an opinion filed late last year, this court held that absent a Sec. 5K1.1 motion by the government, the plain language of Sec. 5K1.1 prohibits a trial court from departing from the guideline range.[6] United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989), cert denied, --- U.S. ----, 110 S.Ct. 1493, --- L.Ed.2d ---- (1990); see also United States v. Francois, 889 F.2d at 1344 (language of Sec. 5K1.1 is clear and unequivocal; court cannot even consider departure until government files a Sec. 5K1.1 motion); cf. United States v. Grant, 886 F.2d 1513, 1513-14 (8th Cir.1989) (section 5K1.1's government motion requirement upheld on constitutional grounds). Therefore, we hold that in order for a court to depart based upon substantial assistance under Sec. 3553(e) from a mandatory minimum sentence, the government must first file a motion under Sec. 3553(e). See United States v. Huerta, 878 F.2d 89, 91 (2d Cir.1989) (Secs. 3553(e) and 5K1.1 "unambiguously limit the discretion of a judge to impose a sentence below the statutory minimum on grounds of the defendant's cooperation to cases in which the government makes a motion requesting such a departure"), cert. denied, --- U.S. ----, 110 S.Ct. 845, 107 L.Ed. 201, 839 (1990).
 
 
 16
 The district court concluded that because the government's cooperation letters constituted the functional equivalent of a Sec. 3553(e) motion, there was a sufficient basis for the trial court to depart. We disagree. The motion requirement is clear and unambiguous. There are no statutory exceptions. Whether particular government action is the functional equivalent of a Sec. 3553(e) motion is therefore irrelevant. A letter informing the trial court of an appellee's cooperation, even if the functional equivalent of a Sec. 3553(e) motion, is nonetheless not a motion under Sec. 3553(e). Therefore, the district court erred in relying upon the letters as a basis for departure in the absence of an actual Sec. 3553(e) motion.[7]
 
 
 17
 Such a finding does not end our inquiry, however. Although a Sec. 3553(e) motion was not made, appellees may nevertheless have a remedy for the government's refusal to file the motion if the plea agreements between appellees and the government bound the government to file such a motion. To this issue, we now turn.
 
 B.
 
 18
 If the government fails to fulfill the terms of a plea agreement, an unsatisfied defendant is not without a remedy. She may seek specific performance of the agreement or withdraw her guilty plea. Santobello v. New York, 404 U.S. 257, 262-63, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427 (1971); see also United States v. Huerta, 878 F.2d at 93 (dicta), cert. denied, --- U.S. ----, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990). In determining whether the government has fulfilled its obligations under the plea agreement, we look to the agreements' provisions. If they are ambiguous, we must read them against the drafter, which in this case is the government. See Innes v. Dalsheim, 864 F.2d 974, 979 (2d Cir.1988), cert. denied, --- U.S. ----, 110 S.Ct. 50, 107 L.Ed.2d 19 (1989).
 
 
 19
 The district court found that paragraph 9 of the plea agreements contained ambiguous language. Paragraph 9 provided in part that the "United States will advise the sentencing court of the nature, extent, and importance of the cooperation provided by the defendant." As a result of the district court's conclusion, the "ambiguity" was read against the government, and paragraph 9 interpreted to bind the government to file a motion under Sec. 3553(e). The district court did not order specific performance of the plea agreements, however. The court stated that such action was unnecessary because the government's cooperation letters were the functional equivalent of a Sec. 3553(e) motion. United States v. Coleman, 707 F.Supp. at 1119. As we have already held, supra, this conclusion is in error. A Sec. 3553(e) motion must be filed or the court cannot depart. Therefore, the issue which remains for us to decide is whether paragraph 9 binds the government to file a Sec. 3553(e) motion or is ambiguous on that point.[8] If it binds the government or is ambiguous, then we must determine whether appellees are entitled to relief in the form of an order directing the government to file such a motion. Because we find paragraph 9 was not even ambiguous, we hold appellees were not entitled to an order directing the government to file a Sec. 3553(e) motion.
 
 
 20
 In determining whether paragraph 9 is ambiguous, our inquiry is limited. It is irrelevant that the paragraph may be in certain respects ambiguous as long as it is not ambiguous on the issue of whether the government committed itself to file a Sec. 3553(e) motion. The district court emphasizes that paragraph 9 is ambiguous in part because it does not state the precise manner in which the government will inform the court of appellees' assistance. Specifically, it does not state that the government will inform the court "by letter" which is what the government represents it had agreed to do. The precise manner in which the government agreed to inform the court is not the relevant focal point, however. Even if paragraph 9 was ambiguous as to the exact manner in which the government would inform the court, the paragraph clearly excluded Sec. 3553(e) as an option. On this one point, there is no ambiguity.
 
 
 21
 From the very beginning of her discussions with defense counsel, the prosecutor categorically refused to place any provision in the plea agreements committing the government to file a Sec. 3553(e) motion. United States v. Coleman, 707 F.Supp. at 1105. The government's position never changed. There is absolutely no evidence in the record to the contrary. In fact, there is no mention of such a government commitment to file a Sec. 3553(e) motion anywhere in the plea agreements. Despite the misunderstandings noted by the district court, the government's uncompromising position combined with the absence of any language in the plea agreements committing the government to filing a Sec. 3553(e) motion leads us to conclude that the plea agreements were not ambiguous.[9]
 
 
 22
 Furthermore, because of the extraordinary nature of the relief provided by Sec. 3553(e) and the clear dictate that the government must first file a motion before the court may depart, no defendant could reasonably read a plea agreement to bind the government to file a Sec. 3553(e) motion absent an explicit promise to do so. Therefore, there can be no ambiguity in the absence of an express government promise in the plea agreements to file a Sec. 3553(e) motion. An express promise to file a motion unambiguously binds the government. The lack of such a promise is clear evidence that such a promise was not made. In interpreting each plea agreement as the exclusive and final agreement,[10] we are bound to conclude that each plea agreement unambiguously[11] excluded a commitment by the government to file a Sec. 3553(e) motion. Therefore, appellees were not entitled to an order directing the government to file a motion.
 
 III.
 
 23
 In summary, we hold that a government motion is required before a court may depart from the mandatory minimum sentence under Sec. 3553(e). We further hold that the plea agreement was not ambiguous but clearly excluded a government commitment to file a Sec. 3553(e) motion. We therefore reverse the district court's imposition of appellees' sentences finding them to be in violation of Sec. 3553(e), and remand for further sentencing proceedings consistent with this opinion.
 
 
 
 [1]
 Each defendant received a sentence of sixty days imprisonment with permission for work release
 
 
 [2]
 Although each appellee signed a separate plea agreement, the agreements were identical in all relevant respects
 
 
 [3]
 The recommended penalty range under the Sentencing Guidelines was 10-16 months incarceration. Such a range was slightly under to slightly over the mandatory minimum penalty of one year provided by 21 U.S.C. Sec. 845a(a)
 
 
 [4]
 Section 3742(e) also allows us to review a sentence to determine: (1) whether it "was imposed as a result of an incorrect application of the sentencing guidelines"; (2) whether it "is outside the range ... and is unreasonable"; or (3) whether it "was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." Id. Sec. 3742(e)(2)-(3). The parties agree that the first and third standards of review are inapplicable to this case. Appellees argue, however, that we can review the sentence for reasonableness since it was imposed outside the applicable guideline range. See id. Sec. 3742(d)(3). Such a review standard is inappropriate where, as here, we must determine whether the district court had the authority to depart from the mandatory statutory minimum sentence or the guideline range. It is wholly irrelevant whether the sentence actually imposed was reasonable because our inquiry is limited to whether as a matter of law the court had power to depart. Therefore, we review the sentence to determine if it was imposed in violation of law. See id. Sec. 3742(e)(1)
 
 
 [5]
 Section 3553(e) allows the court to depart below the mandatory minimum statutory term of imprisonment stated in the statute. Section 5K1.1 allows the court to depart below the guideline range. See Secs. 3553(e), 5K1.1
 
 
 [6]
 Nevertheless, if a defendant's constitutional due process rights have been violated by prosecutorial misconduct in failing to file a motion under Sec. 5K1.1 or Sec. 3553(e), a government motion might not be necessary. See United States v. Smitherman, 889 F.2d at 191. However, because the due process issue was not raised on appeal in this case, we need not reach it. See United States v. Grant, 886 F.2d 1513, 1514 (8th Cir.1989) ("[w]e need not consider the related question of whether a prosecutor's arbitrary or bad faith refusal to move for a Sec. 5K1.1 departure violates due process because Grant has not presented the issue to this court"); see also Airco Indust. Gases, Inc. v. Teamsters Welfare Pension Fund of Philadelphia & Vicinity, 850 F.2d 1028, 1034 (3d Cir.1988)
 
 
 [7]
 The government may have reasons for wanting to inform a court about a particular defendant's cooperation without seeking a departure. For example, the government may seek to have the court sentence the defendant on the lower end of the penalty range provided by statute or the guidelines instead of departing therefrom
 
 
 [8]
 In reviewing the district court's conclusion of ambiguity, we accept all the factual findings by the district court unless clearly erroneous, but review the court's legal conclusion of ambiguity de novo. See United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir.1986) (whether plea agreement is ambiguous is a legal question)
 
 
 [9]
 The government prosecutor informed counsel for Coleman that she had knowledge of a California case which could allow departures absent a government motion. No such case ever surfaced and the district court concluded that it never existed. United States v. Coleman, 707 F.Supp. at 1107, 1108. We do not believe that the government's mistake on this point has any effect on the outcome of this case. First, the government never informed Coleman's counsel it would acquiesce in that interpretation of Sec. 3553(e) in argument before the district court. Second, the case mentioned was allegedly from California and as such had no binding precedential value in this circuit even if it did exist. Third, defense counsel failed to locate any such California case. Finally, the language of Sec. 3553(e) that a motion by the government is required before the sentencing court can depart from the minimum sentence provided by statute is clear and unambiguous. Therefore, any reliance on the alleged California case was unreasonable. We also note that there was no allegation of maliciousness on the part of the prosecutor in mentioning the California case. The California case controversy actually hurts appellees' position. It constitutes further evidence that even though its reasoning was based upon inaccurate information, the government nevertheless refused to commit itself to file a Sec. 3553(e) motion
 
 
 [10]
 Plea Agreement, p 12
 
 
 [11]
 Furthermore, paragraph 2 of the plea agreements identifies the sentence to be imposed as containing a mandatory minimum sentence of one year. This provision is consistent with the government's position that it did not commit to filing a Sec. 3553(e) motion