UNITED STATES of America, Appellee,

v.

Michael O'Neal CARNES, Appellant.

No. 90–3091.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1991.

Decided Sept. 19, 1991.

Dale E. Adams, Little Rock, Ark., for appellant.

Terry L. Derden, argued (Charles A. Banks and Terry L. Derden, on brief), Little Rock, Ark., for appellee.

Before LAY, Chief Judge, RONEY,[*] Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Michael O'Neal Carnes appeals from the sentence imposed upon him by the district court.[1] We affirm.

## I.

The government indicted Carnes on five counts related to a drug processing scheme, but dropped three of the counts in a plea bargain. Carnes pled guilty to one count of possessing drugs with intent to

[*] The Honorable Paul H. Roney, United States Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

[1] The Honorable Garnett T. Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

distribute, 21 U.S.C. § 841(a)(1) (1981), and one count of using a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1) (Supp.1991). The firearm charge carries a minimum five-year sentence. 18 U.S.C. § 924(c)(1).

Although investigators found a silencer among the numerous weapons seized from Carnes, the government chose not to charge Carnes with its use because it was so defective it probably could not have been used. This reduced Carnes's potential minimum prison term from 30 years, for use of a firearm and a silencer, to five years, for use of a firearm alone. *Id.*

Because Carnes had assisted in prosecuting other drug traffickers, the prosecution moved under Sentencing Guidelines § 5K1.1 for a downward departure from the prescribed range. In considering this motion, the district court noted that its discretion was "restricted by the guideline law itself." It also noted that Carnes had already benefitted by the prosecution's not charging him with use of a silencer. Nonetheless, the district court granted Carnes a two-year credit on the drug possession charge, sentencing him to three years. It then added the "five-year minimum" sentence under the firearm charge.

Carnes raises two issues in this appeal. First, he argues the district court was not aware of its authority to sentence him to less than the five-year minimum required for the firearm charge. Second, he argues the district court erred by imposing the five-year firearm sentence consecutively.

## II.

■ As a preliminary matter, we note that Carnes failed to raise these objections either prior to or at sentencing. He therefore may not raise them before this court unless he can demonstrate that the district court committed plain error resulting in a miscarriage of justice. *United States v. Fritsch,* 891 F.2d 667, 668 (8th Cir.1990).

The district court erred in its sentencing only if, among other grounds not relevant here, it imposed the sentence in violation of law. 18 U.S.C. § 3742(e)(1) (Supp.1991);

*United States v. Coleman,* 895 F.2d 501, 504 (8th Cir.1990); *United States v. Evidente,* 894 F.2d 1000, 1003–04 (8th Cir. 1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

The district court may depart from the Sentencing Guidelines if a defendant substantially assisted in prosecuting other defendants. United States Sentencing Commission, *Guidelines Manual,* § 5K1.1 (Nov. 1990). Under the circumstances described in 18 U.S.C. § 3553(e) (Supp.1991), the court may impose a sentence less than the statutorily required minimum. U.S.S.G. § 5K1.1, comment. (n. 1); *Coleman,* 895 F.2d at 504.

■ Having reviewed the record, we are persuaded that the district court did not misapprehend the scope of its authority. Instead, it exercised its discretion. After weighing the assistance Carnes rendered to the prosecution against the benefit Carnes received from the prosecution's decision not to press the silencer charge, the district court chose not to depart downward by any more than two years. Such a decision is well within a district court's power and does not constitute plain error. *See United States v. Sutherland,* 890 F.2d 1042, 1043 (8th Cir.1989) (defendant not necessarily entitled to downward departure for rendering substantial assistance because he had already benefitted from the plea agreement); *United States v. Justice,* 877 F.2d 664, 670 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989) (defendant had benefitted from government's charging decision).

■ Neither did the district court err by imposing the five-year firearm sentence consecutively. As discussed above, the district court understood its authority to impose a sentence of less than five years, but chose not to do so. In addition, the law clearly requires the sentence to run consecutively to, not concurrently with, any other sentence imposed. 18 U.S.C. § 924(c)(1); U.S.S.G. § 2K2.4, comment. (n. 1); *see United States v. Brett,* 872 F.2d 1365, 1371 (8th Cir.1989), *cert. denied,* 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989) (con-

secutive five-year sentence for firearm charge approved).

The sentence is affirmed.