999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda Faye MIMS, Defendant-Appellant.
 No. 92-5923.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Linda Faye Mims appeals the district court's judgment sentencing her to imprisonment for 84 months after a jury found her guilty of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. sections 841(a)(1) and 846. On appeal, Mims argues that the district court erred in failing to require the United States to file a motion for a departure, in admitting into evidence her incriminating statement, in admitting into evidence a firearm exhibit, and in denying her motion for a judgment of acquittal. We affirm.
 
 
 2
 * Mims' brother-in-law, Eric Bovan, was the apparent leader of a large cocaine distribution network that transported cocaine from Los Angeles to Memphis. After government officials learned that Mims' house on Monett Street in Memphis was being used in the cocaine network, they placed the house under video surveillance. The videotapes show co-conspirators Eric and Janet Bovan entering Mims' house on September 17, 1987 with Earl Woods, a government informant. Woods testified that he accompanied Eric and Janet Bovan to Mims' house and that they carried a briefcase containing money. He said that Mims gave a sack containing $25,000 to $40,000 to them and that they counted the combined money, which totalled $100,000 to $170,000. Woods also testified that, on another occasion, he and another co-conspirator delivered a bag containing seven kilograms of cocaine to Janet Bovan and that she told him that she was taking the cocaine to Mims' house.
 
 
 3
 Another co-conspirator, Anthony Bovan, testified that he met other members of the conspiracy at Mims' house and that he picked up $75,000 to $100,000 at her house. Additional videotape evidence shows that several people left Mims' house with plastic bags containing a white powdered substance.
 
 
 4
 During a search of Mims' house, agents found a loaded .38 caliber revolver and a shoebox with trace amounts of cocaine. During the trial, the district court admitted the revolver into evidence over the objection of Mims' counsel.
 
 
 5
 Mims originally pled guilty to the conspiracy charge, but the district court later allowed her to withdraw her plea. The district court allowed an agent to testify at the trial that, after entering into a plea agreement, Mims admitted that Eric Bovan had given her cocaine to sell.
 
 II
 
 6
 On appeal, Mims raises four issues. First, she contends that the district court should have required the United States to file a motion for a departure pursuant to section 5K1.1 of the Sentencing Guidelines. According to section 5K1.1, the court may consider a downward departure only "[u]pon motion of the government." See United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). The plea agreement here does not contain an unconditional promise by the government to file a motion for a departure. Rather, the agreement provides that the United States will file such a motion "if appropriate" and "if all conditions are fulfilled." Mims could not reasonably read the agreement to bind the government to file a section 5K1.1 motion "absent an explicit promise to do so." United States v. Coleman, 895 F.2d 501, 506 (8th Cir.1990). "The lack of such a promise is clear evidence that such a promise was not made." Id. Therefore, the United States did not breach the agreement by failing to file a motion for a departure. Nevertheless, even if the United States had breached the agreement, Mims would have no complaint because the district court allowed her to withdraw her guilty plea. See United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990) (breached plea agreement remedied by ordering specific performance or by allowing defendant to withdraw plea).
 
 
 7
 Second, Mims argues that the district court erred in admitting her incriminating statement in which she admitted that Eric Bovan had given her cocaine to sell. She contends that she made the statement "in the course of plea discussions." Therefore, she argues that Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 forbid its admission. As the United States points out, however, Mims gave her statement pursuant to the plea agreement after she had entered into the agreement with the United States. Therefore, at the time that she gave her incriminating statement to agents, she was not engaging in plea discussions with the government. As an alternative argument, Mims contends that she did not give her statement voluntarily because the government obtained it under a promise to file a motion for a departure. The United States never made such a promise, and no circumstances here suggest that Mims did not give her statement voluntarily. Cf. Brady v. United States, 397 U.S. 742, 749 (1970) (voluntariness of plea determined by considering relevant circumstances surrounding it).
 
 
 8
 Third, Mims argues that the district court erred in admitting the revolver into evidence. The court found that the revolver was relevant because the presence of a firearm lends credence to the theory that Mims' house was used in the cocaine conspiracy. We have held that guns are relevant to prove intent to promote and to protect a conspiracy to distribute drugs. United States v. Marino, 658 F.2d 1120, 1123 (6th Cir.1981). Therefore, the district court did not abuse its discretion in admitting the revolver into evidence. See, e.g., United States v. Paulino, 935 F.2d 739, 754 (6th Cir.) (evidentiary rulings reviewed for abuse of discretion), cert. denied, 112 S.Ct. 315 (1991).
 
 
 9
 Last, Mims contends that the evidence is insufficient to support her conviction. Our review of the sufficiency of the evidence is narrow in scope. A conviction should be upheld if "after reviewing the evidence in the light most favorable to the prosecution," we determine that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989). A conspiracy conviction should be affirmed if the evidence with regard to a defendant can "reasonably be interpreted as participation in the common plan." Id. Woods' testimony that Mims produced a large amount of cash along with the corroborating videotape evidence and Mims' admission were more than sufficient evidence to support the jury's verdict.
 
 III
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation