**UNITED STATES of America, Appellee,**

v.

**Robert T. PRENDERGAST, Appellant.**

**No. 93–1555.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 18, 1993.

Filed Sept. 9, 1993.

---

Michael F. Gutowski, Omaha, NE, argued, for appellant.

Robert F. Kokrda, Omaha, NE, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

PER CURIAM.

Prendergast appeals from the sentence imposed by the district court[1] following his plea of guilty to federal wire fraud charges. Because we find that Prendergast did not raise in the district court the arguments that he seeks to raise on appeal, we affirm.

On February 22, 1993, the district court resentenced Prendergast pursuant to our remand in *United States v. Prendergast,* 979 F.2d 1289 (8th Cir.1992). The district court resentenced Prendergast to 24 months in prison, ordered him to pay $200,000 in restitution to his victims, and imposed a three-year term of supervised release. The district court also ordered Prendergast to pay the costs of his supervised release pursuant to U.S.S.G. § 5E1.2(i). The court imposed no fine under § 5E1.2(c) finding that Prendergast lacked the financial ability to pay any fine in addition to the costs of supervised release and restitution the court already ordered him to pay. The court specifically found, however, that Prendergast should be able to pay the costs of his supervised release upon his release from prison. Prendergast raised no objection to the district court order requiring him to pay the costs of supervised release. Neither did he make an objection to paragraph 88 of the presentence investigative report which informed the court of the requirements of § 5E1.2(i).

On appeal, Prendergast argues that the district court incorrectly applied § 5E1.2(i) of the Sentencing Guidelines by ordering him to pay the cost of his supervised release. Prendergast contends that § 5E1.2(i) authorizes an "additional" fine for the costs of supervised release only after the court first determines that he has the financial ability to pay a punitive fine and imposes a punitive fine under § 5E1.2(c). Prendergast asserts that because the district court concluded that he was unable to pay a punitive fine and declined to impose a punitive fine, the court should not have imposed a fine for the costs of supervised release under § 5E1.2(i). Prendergast also argues that the district court erred by imposing the costs of supervised release under § 5E1.2(i) because such a fine is not authorized by statute.

Because Prendergast did not raise these claims before the district court, we can review only for plain error. Fed.R.Crim.P. 52(b); *United States v. Carnes,* 945 F.2d 1013, 1014 (8th Cir.1991). This past term the United States Supreme Court addressed the parameters of plain-error review in *United States v. Olano,* — U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In *United States v. Montanye,* 996 F.2d 190 (8th Cir. 1993) (en banc), we applied the test articulated in *Olano* for plain-error review. We found that we lack authority to consider questions not first raised in the district court "unless (1) the district court committed an error, i.e., deviated from a legal rule, (2) the error is plain, i.e., clear under current law, and (3) the error affected [the defendant's] substantial rights." *Montanye,* 996 F.2d at 192 (citing Fed.R.Crim.P. 52(b) and *Olano,* — U.S. at —— ——, 113 S.Ct. at 1776–78). "When a forfeited error meets these

---

1. The Honorable William C. Cambridge, United States District Judge for the District of Nebraska.

limitations, we have discretionary authority to order correction ... [which we should exercise] if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Montanye*, 996 F.2d at 192 (citing *Olano*, —— U.S. at ——, ——, ——, 113 S.Ct. at 1776, 1778, 1779 quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).

After carefully reviewing the record in this case, we conclude that the district court should be affirmed. Even if we were to assume, arguendo, that the district court committed plain error, we would decline to exercise our discretion to reverse the trial court as the error does not seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Montanye*, 996 F.2d at 192 (citations omitted). Accordingly, we affirm.