26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kenneth M. ALDERMAN, Appellant.
 No. 94-1143.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 3, 1994.
Filed: June 9, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth M. Alderman appeals from the sentence imposed by the district court[1] following his guilty plea to forging an endorsement on a United States Treasury check, in violation of 18 U.S.C. Sec. 510(a)(2). Because we find that Alderman did not raise in the district court the arguments he seeks to raise here, we affirm.
 
 
 2
 The district court sentenced Alderman to 6 months' imprisonment, ordered him to pay $721.97 to his victims, and imposed a three-year term of supervised release. Pursuant to U.S.S.G. Sec. 5E1.2(i), the court also ordered Alderman to pay the costs of his supervised release. The court did not impose a lump sum fine under U.S.S.G. Sec. 5E1.2(c), finding that Alderman lacked the financial resources to pay such a fine in addition to the costs of his supervised release and restitution. The court found, however, that Alderman should be able to pay his supervised release costs and restitution upon release from prison.
 
 
 3
 Alderman argues that the district court erred in ordering him to pay the costs of his supervised release, because the court concluded he could not pay a punitive fine. He argues that the court's order will unduly burden him. He also argues that section 5E1.2(e) is not authorized under the Sentencing Reform Act.
 
 
 4
 Alderman, however, did not object below to the court's order requiring him to pay his supervised release costs. Thus, we may review his arguments only for plain error. See United States v. Prendergast, 4 F.3d 560, 561 (8th Cir. 1993) (per curiam). We conclude that Alderman's sentence should be affirmed. See id. at 562 (even assuming district court committed plain error, "we would decline to exercise our discretion to reverse" as error did not "seriously affect 'the fairness, integrity or public reputation of judicial proceedings' " (quoted case omitted)).
 
 
 5
 Accordingly, we affirm.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Court for the District of Nebraska