52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Larry Wayne NATT, Appellant.
 No. 94-3471.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 3, 1995.
Filed: Apr. 24, 1995.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Wayne Natt appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas after he pleaded guilty to drug and weapons charges. For reversal, Natt argues that the district court erred in denying his motion to withdraw his guilty plea and in denying him an acceptance-of- responsibility reduction at sentencing. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Pursuant to a written plea agreement, Natt pleaded guilty to one count of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (Count I), one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1) (Count III), and one count of unlawful possession of a machine gun, in violation of 18 U.S.C. Sec. 922(o)(1) (Count IV). Before sentencing, he sought to withdraw his plea on the ground it was neither intelligent nor voluntary, claiming that he had been misadvised as to his maximum sentence and that the government had induced him to plead guilty by promising to move for a downward departure. After conducting a hearing, the district court denied Natt's motion.
 
 
 3
 At sentencing, Natt again sought to withdraw his plea, arguing the government had not presented a sufficient factual basis to support his conviction on Count I. The district court rejected Natt's effort; Natt then sought an acceptance-of-responsibility reduction. The district court concluded Natt had not clearly demonstrated an acceptance of responsibility, and sentenced him to 188 months imprisonment on Count I, 120 months imprisonment on Count IV concurrent to Count I, and 60 months imprisonment on Count III consecutive to Count I. The court also imposed concurrent supervised release terms of five years for Count I and three years for Counts III and IV. This appeal followed.
 
 
 4
 We first conclude the district court did not abuse its discretion in denying Natt's motion to withdraw his plea because the record demonstrates he failed to sustain his burden of establishing a fair and just reason for allowing him to do so. See Fed. R. Crim. P. 32(d) (recodified as Rule 32(e) Dec. 1, 1994); United States v. Newson, 1995 WL 27245, No. 94-3219, slip op. at 3 (8th Cir. Jan. 26, 1995) (standard of review); United States v. Kelly, 18 F.3d 612, 618 (8th Cir. 1994) (burden on defendant); see also United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991) (where defendant does not establish fair and just reason for withdrawing plea, district court need not examine other factors outlined in United States v. Boone, 869 F.2d 1089, 1091-92 (8th Cir.), cert. denied, 493 U.S. 822 (1989)), cert. denied, 112 S. Ct. 1969 (1992).
 
 
 5
 Natt's first contention-that he was not adequately advised of the potential term of supervised release-is belied by the record. The district court complied with Fed. R. Crim. P. 11(c)(1) when it told Natt it would impose a 5-year term "if required to do it by law." See United States v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992) (defendant not entitled to withdraw plea where district court apprised him of possible range of punishment and that Guidelines would apply); cf. United States v. Thomas, 894 F.2d 996, 997 (8th Cir.) (per curiam) (district court not required to inform defendant of actual sentence he will receive), cert. denied, 495 U.S. 909 (1990). Thus, Natt has failed to show his plea was not intelligent.
 
 
 6
 Natt's argument that his plea was involuntary likewise fails. The district court did not clearly err in finding that the plea agreement was unambiguous and that the government did not expressly promise to move for a downward departure. See United States v. Coleman, 895 F.2d 501, 505-06 n.8 (8th Cir. 1990) (standard of review). While the government may have offered, during the initial oral plea negotiations, to move for a downward departure in return for Natt's cooperation, the lack of an express promise by the government in the plea agreement is "clear evidence that such a promise was not made." See id. at 506 ("no defendant could reasonably read a plea agreement to bind the government to file a [18 U.S.C.] Sec. 3553(e) motion absent an explicit promise to do so"). We note also that Natt indicated at his plea hearing that no promises had been made to him which were not included in the plea agreement.
 
 
 7
 We also reject Natt's contention that there was an insufficient factual basis to support his plea on Count I. At his plea hearing, Natt acknowledged that he had agreed to buy five kilograms of cocaine and some marijuana for $85,000 and a handgun, and also acknowledged that he had in fact conducted such a transaction. In response to the district court's questions, Natt admitted that he knowingly and intentionally possessed with the intent to distribute cocaine. See Fed. R. Crim. P. 11(f); Roberson v. United States, 901 F.2d 1475, 1477 & n.3 (8th Cir. 1990); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990); see also United States v. Newson, slip op. at 3 (guilty plea is solemn act which should seldom be set aside where defendant acknowledges committing crime and enters knowing and voluntary plea).
 
 
 8
 Finally, having carefully reviewed the transcript, we conclude the district court did not clearly err in denying an acceptance-of- responsibility reduction. See United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc) (standard of review), cert. denied, 113 S. Ct. 2353 (1993). The Sentencing Guidelines provide for an offense-level reduction if a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). A defendant who pleads guilty is not entitled to the reduction as a matter of right, and "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." Id. comment. (nn. 3, 5). While the court found "some evidence" that Natt had accepted responsibility, it also found that evidence was outweighed by Natt's post-arrest conduct, which the court concluded illustrated Natt's desire to minimize his sentencing exposure, rather than admit his wrongdoing. See United States v. Behr, 33 F.3d 1033, 1037 (8th Cir. 1994) (court did not err in refusing to grant acceptance-of-responsibility reduction where it found defendant never admitted his actions were wrong). We decline to disturb this determination, which "is entitled to great deference on review." See U.S.S.G. Sec. 3E1.1(a) comment. (n.5).
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas