65 F.3d 173
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Daniel L. RASSMAN, Appellant.
 No. 95-2167
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 17, 1995
Filed: Aug. 18, 1995
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Daniel L. Rassman pleaded guilty to unlawfully acquiring food stamps, in violation of 7 U.S.C. Sec. 2024(b)(1) and 18 U.S.C. Sec. 2, the district court[1] sentenced him to six months imprisonment and two years of supervised release, and ordered him to pay $333 in restitution. Rassman appeals his sentence, arguing that the special conditions of his supervised release are unreasonable. We affirm Rassman's sentence.
 
 
 2
 As relevant here, the district court imposed special conditions of supervised release that prohibited Rassman from buying, possessing, using, or distributing any alcohol; required him to submit to testing for the presence of alcohol or controlled substances in his bodily fluids; subjected him to warrantless searches of his premises, vehicle, or person to determine the presence of alcoholic beverages or controlled substances; required his participation in an approved treatment program for chemical dependency; and prohibited him from possessing a dangerous weapon.
 
 
 3
 Because Rassman raised no objection at sentencing, we review the challenged conditions only for plain error. Cf. United States v. Prendergast, 4 F.3d 560, 561 (8th Cir.1993) (per curiam) (where defendant did not object to order requiring him to pay supervised release costs, claim of error predicated on order would be reviewed only for plain error). Rassman's presentence report indicates that he has a long personal history of alcohol abuse; moreover, his criminal history includes alcohol-related offenses and reflects incidents in which he demonstrated violent behavior. In light of this information, we do not think that the district court committed any error, much less plain error, in imposing the special conditions at issue. See 18 U.S.C. Secs. 3583(d); 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); U.S.S.G. Sec. 5D1.3; Prendergast, 4 F.3d at 561-62 (discussion of plain error).[2]
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska
 
 
 [2]
 Rassman also challenges a supervised release condition that implements the district court's restitution order. He explicitly agreed in his plea agreement, however, that he would pay $333 in restitution. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir.1989) (where defendant voluntarily exposed himself to specific sentence and did not object in district court, he waived right to appeal punishment)