# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4041

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Lorenzo Diaz, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 14, 1999

Filed: December 21, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and KYLE, District Judge.[1]

PER CURIAM.

Lorenzo Diaz appeals the 210-month sentence imposed by the district court after he entered a plea of guilty to a drug trafficking offense in violation of 21 U.S.C. § 841(a)(1).

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

## I. BACKGROUND

Diaz entered his plea pursuant to a plea agreement in which he stipulated that he was a career offender. He acknowledged that, due to the quantity of drugs and his prior conviction, his offense was punishable by a mandatory minimum sentence of twenty years to life. In exchange for his plea of guilty, the government agreed to forego reliance on another prior state felony drug conviction which would have resulted in a mandatory minimum sentence of life imprisonment. The parties stipulated that Diaz had been involved in the distribution of more than 150 grams of crack cocaine and calculated the base offense level to be 37 and the criminal history category to be VI. Diaz also agreed to cooperate and the government agreed to file a motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

Diaz provided substantial assistance to the government and the government moved for a downward departure. At the sentencing hearing, Diaz did not object to either the offense computation or to the facts outlined in the Presentence Investigation Report (PSR). The district court found the base offense level was 37 and granted a three-level reduction for acceptance of responsibility, resulting in a sentencing range of 262 to 327 months. The district court granted the government's motion to depart downward and sentenced Diaz to 210 months.

On appeal, Diaz asserts that the district court erred: (1) in failing to give him a role-in-the-offense adjustment as a minimal or minor participant; and (2) in calculating the quantity of drugs and his base offense level. He also argues ineffective assistance of counsel and prosecutorial misconduct.

## II. DISCUSSION

Because Diaz did not object to any alleged sentencing errors, we review only for plain error. See United States v. Prendergast, 4 F.3d 560, 560-61 (8th Cir. 1993) (per

curiam). Plain error is a heightened standard of review under which we will reverse only if such error prejudices the substantial rights of a party and would result in a miscarriage of justice if left uncorrected. See Morse v. Southern Union Co., 174 F.3d 917, 926 (8th Cir. 1999).

We have reviewed the record and find no error, much less plain error. Diaz was not entitled to a role-in-the-offense adjustment. The offense level reductions for a mitigating role simply do not apply in the career offender context. See U.S.S.G. § 4B1.1; United States v. Beltran, 122 F.3d 1156, 1160 (8th Cir. 1997).

Diaz's contention involving the quantity determination is similarly without merit. Diaz stipulated to the amount in a valid plea agreement. He does not assert that his plea was not voluntary or that the government breached the agreement. Diaz waived any objection to the length of his sentence by agreeing to it and by accepting the benefit of the plea agreement. See United States v. Durham, 963 F.2d 185, 187 (8th Cir. 1992). In addition, Diaz did not object to the factual finding of the quantity of drugs in the PSR. A district court is clearly permitted to accept as true all factual allegations contained in a PSR that are not specifically objected to by the parties. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993).

Diaz's claims relating to ineffective assistance of counsel are properly the subject of collateral post-conviction proceedings. See United States v. Stevens, 149 F.3d 747, 748 (8th Cir. 1998). Diaz's claim of prosecutorial misconduct lacks merit and borders on the frivolous. Diaz asserts that "the government should not have persisted in including a weak charge in the superceding indictment." He asserts the government relied on a tip from an informant who Diaz contends is not reliable. We find nothing in the record showing prosecutorial misconduct.

## III. CONCLUSION

For the foregoing reasons, Diaz's sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.