# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2213

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mary Nathell Jones, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 6, 2000
Filed: April 11, 2000

_____

Before McMILLIAN, FLOYD R. GIBSON, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Mary Nathell Jones pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 317, 1344 & 2. The district court[1] sentenced her to 15 months of imprisonment and 3 years of supervised release. During the term of supervised release, the probation officer reported that Jones had violated the conditions of release by traveling outside the judicial district and by associating with a person engaged in criminal activity or convicted of a felony; the probation officer also referred

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

to Jones's three previous violation reports involving drug use. The government moved for revocation. At the hearing, Jones admitted that she had associated with a convicted felon but denied that she had left the judicial district. After a state trooper testified, the district court found that Jones had committed both violations, revoked her release, and sentenced her to 11 months imprisonment with no further term of supervised release. Jones appeals the revocation and sentence.

Because Jones voiced no objection at sentencing, we review for plain error. See United States v. Prendergast, 4 F.3d 560, 561 (8th Cir. 1993) (per curiam). We conclude that the evidence was sufficient to show she committed the charged violations of her supervised release and that the district court did not plainly err in imposing the revocation sentence. See 18 U.S.C. § 3583(e)(3) (court may revoke defendant's supervised release if it finds by a preponderance of the evidence that defendant violated condition of supervised release; authorizing up to 3 years imprisonment upon revocation of supervised release if offense that resulted in term of supervised release was a Class B felony); 18 U.S.C. § 1344 (authorizing not more than 30 years imprisonment); 18 U.S.C. § 3559(a)(2) (Class B felony is an offense for which the maximum term of imprisonment is 25 years or more); U.S. Sentencing Guidelines Manual § 7B1.4(a) (recommending revocation imprisonment range of 5 to 11 months). We reject Jones's contention that the district court erred in permitting and considering certain hearsay testimony. See United States v. Reynolds, 49 F.3d 423, 526 (8th Cir. 1995) (standard for admitting hearsay in revocation hearing is different than at trial; federal rules of evidence do not apply, but rules of criminal procedure afford defendant the opportunity to question adverse witnesses).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIaGHTH CIRCUIT.