# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1319

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| James Lynn Holt, | * | Northern District of Iowa. |
| | * | |
| Appellant. | * | **[UNPUBLISHED]** |

_____

Submitted:  August 27, 2003
Filed:   September 3, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

James Lynn Holt (Holt) appeals the district court's[1] imposition, upon revocation of his supervised release, of a 14-month prison term followed by service of the remainder of his original supervised release term. On appeal, Holt argues that the district court violated his due process rights by failing to provide him with a written statement detailing its reasons for revoking his supervised release, and that his revocation sentence violates 18 U.S.C. § 3583(e)(3).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

After careful review of the record, we find that the written judgment sufficiently advised Holt of the reasons for revocation of supervised release, cf. United States v. Smith, 767 F.2d 521, 524 (8th Cir. 1985) (due process requires district court identify bases for its decision to revoke probation), and that the revocation sentence is within the limits of section 3583 and does not constitute plain error, see United States v. Prendergast, 4 F.3d 560, 561 (8th Cir. 1993) (per curiam) (claims not raised before district court are reviewed for plain error); 18 U.S.C. § 3583(b), (e), (h).  Accordingly, we affirm.  We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.