# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2752

_____

United States of America,

    Appellee,

  v.

John Thebeau,

    Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: May 13, 2008
Filed: May 16, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Thebeau appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

Thebeau argues that the district court violated his Sixth Amendment rights by determining that his prior attempted-burglary convictions were violent felonies for sentencing-enhancement purposes, and erred by imposing sex-offender-treatment

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

evaluation as a supervised-release condition. Both of these arguments are raised for the first time on appeal and thus we review only for plain error. See Fed. R. Crim. P. 52(b) (plain error); United States v. Prendergast, 4 F.3d 560, 561 (8th Cir. 1993) (per curiam) (claims not raised before district court are reviewed only for plain error). Upon careful review of the record, we conclude that there was no error, plain or otherwise. See James v. United States, 127 S. Ct. 1586, 1600 (2007) (determining whether prior conviction qualifies as violent felony for purposes of 18 U.S.C. § 924(e) is statutory interpretation not judicial fact-finding, and thus Sixth Amendment is not implicated); United States v. Smart, 472 F.3d 556, 557-59 (8th Cir. 2006) (sentencing court is afforded wide discretion when imposing terms of supervised release; affirming sex-offender conditions unrelated to defendant's offense where defendant committed sexual offense close in time to offense of conviction and had violated probation on sexual offense; release conditions did not greatly restrict defendant's personal liberties, and were reasonably related to defendant's history and characteristics).

Thebeau also argues that his sentence--which was imposed within the applicable Guidelines range--is unreasonably long, and that the court did not sufficiently consider the sentencing factors under 18 U.S.C. § 3553(a). These arguments fail as well. See United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (within-Guidelines-range sentence is presumptively reasonable); United States v. Little Hawk, 449 F.3d 837, 840 (8th Cir. 2006) (district court is not required to mechanically recite § 3553(a) factors); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (standard for reasonableness review).

Accordingly, we affirm.

_____