UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin Carl NORMAN, a/k/a Marty Norman, James Andrew Sanders, John Jacob Wells, Defendants–Appellants.

UNITED STATES of America,
Plaintiff–Appellee,

v.

John Jacob WELLS, Defendant–
Appellant.

Nos. 91–3088, 92–2054.

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1993.

L. William Porter, II, Tallahassee, FL, for Martin C. Norman.

John O. Williams, Tallahassee, FL, for James Andrew Sanders.

Steven H. Sadow, Atlanta, GA, for John Jacob Wells.

Michael Simpson, Asst. U.S. Atty., Tallahassee, FL, for U.S.

Before EDMONDSON and BLACK, Circuit Judges, and MELTON[*], Senior District Judge.

PER CURIAM:

Appellants Martin Carl Norman, James Andrew Sanders, and John Jacob Wells were convicted by a jury of conspiracy to possess, distribute, and import marijuana, and related substantive offenses. All three now seek reversal of their convictions. Sanders and Wells also appeal their sentences, challenging the district court's application of the United States Sentencing Guidelines (U.S.S.G.). These direct criminal appeals are consolidated with Wells' appeal of the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We affirm the convictions of all appellants, Sanders' sentence, and the district court's denial

---

**3.** All other parts of the opinion remain unchanged.

* Honorable Howell W. Melton, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

of Wells' motion to vacate his sentence.[1] For the reasons set forth below, however, we vacate the portion of Wells' sentence imposing as a fine the costs of imprisonment and supervision pursuant to U.S.S.G. § 5E1.2(i), and remand for resentencing.

Wells asserts that the district court erred in finding him costs of imprisonment and supervision pursuant to U.S.S.G. § 5E1.2(i), without first having assessed a punitive fine pursuant to § 5E1.2(a).[2] He argues, as he did at his sentencing hearing, that such assessment is prohibited by the language of § 5E1.2(i), which states that costs of imprisonment and supervision shall be assessed as an *additional* fine amount. We agree and we hold that a district court may assess a fine under § 5E1.2(i) only if a defendant is fined under § 5E1.2(a).

### I.

■ This is an issue of first impression in this circuit. Several other circuits that have considered the issue have also concluded that costs of imprisonment and supervision under § 5E1.2(i) may be fined only if a punitive fine has been assessed under § 5E1.2(a).[3]

In *United States v. Labat*, 915 F.2d 603, 606–07 (10th Cir.1990), the court opined that a fundamental reason rendered the fine imposed pursuant to § 5E1.2(i) invalid. Relying on the clear language of § 5E1.2(i), the court reasoned that "it makes no sense to waive the punitive fine [under § 5E1.2(a) ] and impose the *'additional'* fine [under § 5E1.2(i) ]." *Id.* at 607. The *Labat* court held that the district court misapplied the guidelines by assessing an additional fine of costs of imprisonment and supervision under § 5E1.2(i) without first assessing a punitive fine under 5E1.2(a). *Id.*

In *United States v. Corral*, 964 F.2d 83, 84 (1st Cir.1992), citing *Labat*, the court held "that a district court may not impose a duty to pay for the costs of incarceration or supervised release if the defendant is indigent for purposes of a fine under Sentencing Guidelines section 5E1.2(a) [and thus no fine was imposed under that section]." Adopting the rationale of the courts in *Labat* and *Corral*, the court in *United States v. Fair*, 979 F.2d 1037, 1042 (5th Cir.1992), held that "it is a misapplication of the guidelines to impose an 'additional' cost of incarceration fine absent an initial punitive fine."

Section 5E1.2(i)'s plain language imposing costs of imprisonment and supervision as an additional fine amount supports the holding of the courts in *Labat, Corral*, and *Fair* that such additional fine may not be imposed unless a fine pursuant to § 5E1.2(a) is also imposed.

### II.

■ In this case, the district court erred in fining Wells costs of imprisonment and

---

1. Norman, Sanders, and Wells raise the following issues on appeal: 1) whether the district court erred in precluding their cross-examination at trial regarding an alleged incestuous relationship between two government witnesses; 2) whether the district court erred in denying pretrial motions to sever filed by Sanders and Norman; 3) whether the district court erred in denying Norman's motion for continuance; 4) whether the district court erred in admitting evidence of similar acts against Norman; 5) whether the government's alleged improper cross-examination and closing statements warrant reversal of Norman's conviction; 6) whether the district court erred in admitting certain testimony by Wells' probation officer; 7) whether the district court erred in enhancing Sanders' sentence pursuant to U.S.S.G. § 3B1.1, based upon its finding that he played a management or supervisory role in the offenses; and 8) whether the district court erred in denying Wells' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 asserting ineffective assistance of counsel. Our examination of the record and applicable law convinces us that all these issues are meritless. Accordingly, we affirm the district court without further discussion as to all these issues.

2. U.S.S.G. § 5E1.2(a) states that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Section 5E1.2(i) provides that, subject to ability to pay, "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered."

3. At least one circuit court has held that the Sentencing Reform Act does not authorize assessment of a fine to pay for costs of imprisonment and supervision, and for that reason, a fine imposed pursuant to U.S.S.G. § 5E1.2(i) is invalid. *See United States v. Spiropoulos*, 976 F.2d 155 (3rd Cir.1992). In this appeal, Wells has not presented that argument, so we do not address its merits in this opinion.

supervision pursuant to § 5E1.2(i), when it did not assess a punitive fine pursuant to § 5E1.2(a). Wells urges that the fine be vacated as his remedy for the district court's misapplication of the guidelines. Wells does not claim, however, that he is indigent or that his pre-sentence investigation report demonstrates his inability to pay a fine. His sole argument is that the district court improperly assessed the fine under § 5E1.2(i). Wells has offered no reason why the district court could not impose a fine in his case upon proper application of the guidelines. Thus, we remand Wells' case for resentencing so that the district court may apply U.S.S.G. § 5E1.2 consistent with this opinion.

### III.

For the foregoing reasons the convictions of Norman, Sanders, and Wells; Sanders' sentence; and the district court's denial of Wells' motion to vacate his sentence pursuant to 28 U.S.C. § 2255 are AFFIRMED. The fine imposed as part of Wells' sentence is VACATED, and his case is REMANDED for resentencing in accordance with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.