**Joseph Michael LINCOLN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 93–2089.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 6, 1993.

Decided Dec. 22, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied Jan. 27, 1994.

The appellant was pro se.

Asst. U.S. Atty. Andrew M. Luger, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

After a jury convicted Joseph Michael Lincoln of arson and mail fraud, the district court sentenced Lincoln to consecutive ten-year and twenty-one-month sentences. The district court imposed supervised release, restitution, and special assessments on both counts. The district court also imposed a committed fine of ten thousand dollars on the mail fraud count. *See* 28 C.F.R. § 2.7(a) (1993) (committed fine requires payment before release from prison). Lincoln appealed, challenging the jury instructions and the district court's imposition of consecutive, rather

than concurrent, sentences. We affirmed. *United States v. Lincoln,* 925 F.2d 255 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2838, 115 L.Ed.2d 1006 (1991).

Lincoln then filed this 28 U.S.C. § 2255 motion to modify his sentence, seeking to have his fine vacated. The district court declined to vacate Lincoln's fine. The district court deleted the fine's commitment obligation, however, because Lincoln's sentence for mail fraud was imposed under the Sentencing Guidelines and the Guidelines do not provide for committed fines. Lincoln appeals and we affirm.

Lincoln contends the district court committed error in denying his motion to vacate the fine because "[a]fter [he] was sentenced, his financial situation changed dramatically," and he is unable to pay the fine. Although the Government suggests Congress has provided inmates like Lincoln with a means to challenge their fines under 18 U.S.C. § 3569 (Supp. V 1987) and Lincoln has failed to exhaust this remedy, no useful purpose would be served by considering the Government's suggestion because § 3569 was repealed November 1, 1987, before Lincoln was fined under the Sentencing Guidelines.

■ Nevertheless, we reject Lincoln's contention. When Lincoln was sentenced, U.S.S.G. § 5E4.2(d)(2) (1988) required the district court to consider Lincoln's ability to pay the amount of the fine. The district court was also required to make specific findings on the record that show it considered Lincoln's ability to pay. *United States v. Walker,* 900 F.2d 1201, 1205 (8th Cir.1990) (per curiam). Our review of the sentencing transcript shows the district court considered information about Lincoln's financial resources, including his six-figure net worth reported in the presentence report. Based on this information, the district court justifiably decided Lincoln had assets to pay the fine imposed. *See United States v. Cammisano,* 917 F.2d 1057, 1064 (8th Cir.1990). Thus, the district court did not commit error in refusing to vacate a proper fine.

■ Insofar as Lincoln's claim of postsentencing indigency is concerned, constitutional safeguards protect an indigent defendant at the time of enforcement proceedings because an individual cannot be punished by incarceration or reincarceration merely for inability, without fault, to pay a fine. *Bearden v. Georgia,* 461 U.S. 660, 672–73, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983).

Accordingly, we affirm.