85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garrett W. EACKELBARY, Defendant-Appellant.
 No. 95-4042.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Garrett Eackelbary appeals a district court judgment of conviction and sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Eackelbary pleaded guilty to three counts of armed bank robbery in violation of 18 U.S.C. § 2113. The district court sentenced Eackelbary to 63 months of imprisonment and three years of supervised release, imposed a $150 special assessment, and ordered Eackelbary to pay restitution in the amount of $800. Eackelbary has filed a timely appeal in which he argues that the district court improperly calculated his criminal history under the Sentencing Guidelines.
 
 
 3
 Upon review, we conclude that the district court properly sentenced Eackelbary. This court reviews for clear error the district court's findings of fact which underlie the application of the Sentencing Guidelines. See United States v. Mahaffey, 53 F.3d 128, 131 (6th Cir.1995). We render de novo review of the district court's legal conclusion as to whether the facts warrant application of a particular guideline. See United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994).
 
 
 4
 The district court properly calculated Eackelbary's criminal history. In October 1993, Eackelbary was convicted of drug abuse and sentenced to six months of imprisonment. However, the sentence was suspended and he was placed on six months of probation, which was later extended to 18 months because of Eacklebary's continued drug use. In December 1994, Eackelbary was arrested for theft. In February 1995, he was sentenced for the theft offense and the probation violation of the drug abuse offense, receiving concurrent six month sentences. In determining Eackelbary's criminal history, the district court assessed two criminal history points for each crime.
 
 
 5
 Eackelbary argues that the drug abuse and theft cases were related within the meaning of USSG § 4A1.2(a)(2) because they were consolidated for sentencing and, consequently, he should not have received separate criminal history points for both crimes. While prior sentences imposed in related cases are to be treated as one sentence, prior sentences imposed in unrelated cases are to be counted separately in determining a defendant's criminal history. USSG § 4A1.2(a)(2). Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. USSG § 4A1.2, comment. (n. 3). In this case, Eacklebary's drug abuse and theft offenses were separated by his intervening arrest on the theft offense in December 1994. Consequently, the district court properly considered each sentence separately in determining Eackelbary's criminal history. See United States v. Aguilera, 48 F.3d 327, 330 (8th Cir.), cert. denied, 116 S.Ct. 117 (1995); United States v. Wilson, 41 F.3d 1403, 1404-05 (10th Cir.1994); United States v. Hallman, 23 F.3d 821, 825 (3d Cir.), cert. denied, 115 S.Ct. 216 (1994).
 
 
 6
 Accordingly, we affirm the district court's judgment.