**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4320

MAURICE ALEXANDER WILLIAMSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-95-114)

Submitted: January 23, 1997

Decided: February 10, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Troy J. Stafford, DEVORE & ACTON, P.A., Charlotte, North Caro-
lina, for Appellant. Mark T. Calloway, United States Attorney, David
C. Keesler, Assistant United States Attorney, Charlotte, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Maurice Alexander Williamson appeals the 41-month sentence he received for mailing threatening communications, 18 U.S.C. § 876 (1994), contending that he was incorrectly sentenced as a career offender. United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1995). We affirm.

A defendant is a career offender if he is at least eighteen years old at the time of the instant offense, the instant offense is a crime of violence or a drug offense, and the defendant has at least two prior felony convictions for either crimes of violence or drug offenses. Williamson had four prior felony convictions for crimes of violence, but argued that they were related cases and should be counted as one because they were consolidated for sentencing. See USSG § 4A1.2, comment. (n.3). However, the offenses were separated by intervening arrests. Consequently, the district court correctly determined that the prior offenses were not related. Id.; see, e.g., United States v. Aguillera, 48 F.3d 327, 330 (8th Cir.), cert denied, #6D 6D6D# U.S. ___, 64 U.S.L.W. 3242 (U.S. Oct. 2, 1995) (No. 94-9476). Williamson's reliance on our holding in United States v. Allen, 50 F.3d 294, 297-99 (4th Cir.), cert. denied, ___ U.S. ___ (U.S. June 26, 1995) (No. 94-9414), is misplaced. In Allen, the parties agreed that there were no intervening arrests.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2