# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2664

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Carlos A. Hill, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 9, 2001

Filed: January 19, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

As their marked squad car approached a building known for drug trafficking around 11:30 at night, patrol officers saw Carlos A. Hill throw something away and try to hide from them. Based on Hill's behavior, the officers approached him and asked him to put his hands up. Hill was uncooperative and had to be told several times. As one of the officers tried to frisk Hill, Hill repeatedly put his hands down to his sides. Nevertheless, the officer performed the pat-down and found a gun in Hill's pocket. The Government charged Hill with being a felon in possession of a firearm and, after

the district court denied Hill's motion to suppress the gun as evidence, Hill conditionally pleaded guilty, reserving the right to appeal the motion's denial.

On appeal, Hill first contends the district court committed error in deciding his behavior justified a pat-down search for officer safety. A pat-down is constitutionally reasonable if the officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." Terry v. Ohio, 392 U.S. 1, 30 (1968); see United States v. Gray, 213 F.3d 998, 1000 (8th Cir. 2000); United States v. Davis, 202 F.3d 1060, 1061 (8th Cir. 2000). We review the reasonable suspicion issue de novo and the district court's findings of fact for clear error. See Davis, 202 F.3d at 1061-62. Here, the officers knew there had been numerous complaints of drug sales in the immediate area, they had made earlier drug arrests in front of the same building, and when Hill saw them approach in a marked police car, he stopped and stared with a "deer-in-the-headlights" look, appeared to throw something down, and then tried to conceal himself behind a bush and another person. In this situation, the officers could reasonably suspect Hill was involved in criminal drug activity. See Illinois v. Wardlow, 120 S. Ct. 673 (2000) (presence in high crime area and flight from officers justified reasonable suspicion of criminal activity); United States v. Dupree, 202 F.3d 1046, 1049 (8th Cir. 2000) (evasive action in dropping small object off bridge in drug trafficking area supplied reasonable suspicion of criminal activity). The officers could also reasonably suspect Hill was armed and dangerous, viewing the totality of the circumstances at the time of the pat-down "as understood by those versed in the field of law enforcement." United States v. Cortez, 449 U.S. 411, 418 (1981); see Davis, 202 F.3d at 1063. Officers could reasonably suspect Hill was involved in illegal drug activity, which often involves guns, and Hill had not held his hands up as the officers requested. See United States v. Hishaw, No. 99-6258, 2000 WL 1862788, at *5 (10th Cir. 2000) (evidence supporting suspicion of drug distribution also indicated defendant might be armed and dangerous). The officers could have believed Hill might reach for a concealed weapon. Because the frisk for

weapons was not constitutionally unreasonable, the district court properly denied Hill's motion to suppress.

Hill also asserts the district court committed error in counting two marijuana sales to a confidential informant as unrelated offenses for sentencing purposes under U.S.S.G. § 4A1.2(a)(2). The commentary to the guideline directs, "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." Id. § 4A1.2 n.3. In this case, Hill was arrested for the first drug sale before committing the second drug sale, and thus the offenses are considered unrelated. See United States v. Aguilera, 48 F.3d 327, 330 (8th Cir. 1995).

We thus affirm Hill's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-