# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3002

_____

United States of America,           *
                                    *
            Appellee,               *
                                    *        Appeal from the United States
      v.                            *        District Court for the
                                    *        District of Nebraska.
Dale A. Houchin,                    *
                                    *              [PUBLISHED]
            Appellant.              *


_____

Submitted: March 14, 2005
Filed: July 6, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Dale A. Houchin ("Houchin") pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. At sentencing, Houchin objected to a recommendation in his Presentence Investigation Report that $3,819 in cash that was confiscated from him and his home be forfeited as proceeds from the sale of drugs pursuant to 21 U.S.C. § 853. Houchin presented W-2 forms that showed more than $6,000 worth of legal casino winnings to

support his contention that the cash was not drug proceeds.  The Government did not object and stipulated that the cash should not be forfeited.

At sentencing, the district court[1] considered the appropriateness of a fine under the circumstances of this case and noted that a fine may be in Houchin's best interests because the Bureau of Prisons generally gives preferential treatment for placement in prison industry programs when fines are imposed.  The district court then asked Houchin to comment on the appropriateness of a fine, to which he responded that he was in a very poor financial situation beyond the casino winnings, had been living with his mother, was almost totally disabled from a motor vehicle accident, was currently in the state penitentiary on a state conviction, and doubted that prison industries would employ him.  In light of that information, the district court imposed a fine of $3,819, recommended that the seized casino winnings be used to satisfy it, but waived payment of costs of confinement and supervision due to Houchin's inability to pay.

Houchin appeals, arguing only that the district court imposed a fine without sufficiently considering the factors in U.S. Sentencing Guidelines Manual § 5E1.2(d).

Section 5E1.2(a) provides that a district court shall impose a fine "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *See also United States v. Berndt*, 86 F.3d 803, 808 (8th Cir. 1996).  In determining the amount of the fine, the district court shall consider the eight factors listed in U.S.S.G. § 5E1.2(d).[2]  *Berndt*, 86 F.3d at

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]Those factors are the following:

808 (noting that "shall" should be construed as "must"). "The district court need not provide detailed findings under each of the factors . . . but must provide enough information on the record to show that it considered the factors . . . so that the appellate court can engage in meaningful review." *Id*. This Court reviews the district court's findings upon imposition of a fine under U.S.S.G. § 5E1.2 for clear error. *United States v. Walker*, 900 F.2d 1201, 1205 (8th Cir. 1990) (per curiam).

In this case, the district court noted that a fine may be in Houchin's best interests and provided Houchin an opportunity to comment on the imposition of a fine. Most of Houchin's stated reasons for opposing a fine did not correlate to the § 5E1.2(d) factors. The only factor Houchin directly addressed was his ability to pay a fine in light of his financial circumstances, but the district court only fined Houchin an amount of money it knew he possessed and adequately accounted for Houchin's financial hardship by waiving the costs of confinement.[3] *See* U.S.S.G.

---

(1) the need for the combined sentence to reflect the seriousness of the offense . . . , to promote respect for the law, to provide just punishment and to afford adequate deterrence; (2) any evidence presented as to the defendant's ability to pay the fine . . . in light of his earning capacity and financial resources; (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments; (4) any restitution or reparation that the defendant has made or is obligated to make; (5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct; (6) whether the defendant previously has been fined for a similar offense; (7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and (8) any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d).

[3]The district court's fine of $3,819 was actually a downward departure from the $15,000-$150,000 fine range provided under the sentencing guidelines for Houchin's offense level of 31. *See* U.S.S.G. §§ 5E1.2(c)(3) (providing chart of fine ranges given offense levels) *and* 5E1.2(e) (providing authority for a downward departure "[i]f the

§ 5E1.2(d)(2).  In addition, the district court addressed the first of the § 5E1.2(d) factors on the record by stating that the sentence imposed reflected the seriousness of the offense, promoted respect for the law, provided a just punishment and afforded adequate deterrence.  *See* U.S.S.G. § 5E1.2(d)(1).  Thus, in imposing a fine, the district court provided enough information for this Court to conclude that it adequately weighed the relevant § 5E1.2(d) factors and did not clearly err in imposing a fine.  *See United States v. Miller*, 995 F.2d 865, 869 (8th Cir. 1993) ("The district court's factual finding of substantial unreported assets satisfies us that it considered the defendants' ability to pay the fines imposed and the burden which the fines would place on the defendants and their dependents.").

For the above reasons, the judgment of the district court is affirmed.

_____

---

defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents").  This further indicates that the district court considered the effect of a fine on this particular defendant.