# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1782

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Charles Little Bear, also known as | * | [UNPUBLISHED] |
| Dale Little Bear, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: December 16, 2010
Filed: February 25, 2011

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted appellant Charles Little Bear of abusive sexual conduct in violation of 18 U.S.C. §§ 2244(a)(3) and 1153. The district court[1] sentenced Little Bear to forty-eight months' imprisonment (4 years) and thirty years of supervised release. Little Bear argues the district court (1) violated the Fifth and Sixth Amendments in imposing a thirty-year term of supervised release; (2) violated the Double Jeopardy Clause by imposing conditions on his supervised release that were

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

not orally pronounced at sentencing; and (3) clearly erred by imposing a $750 fine.[2] We affirm.

## 1.    Term of supervised release

Little Bear argues that the district court increased his term of supervised release from five years to thirty years because of his continued assertions of innocence, thereby violating the Fifth and Sixth Amendments. Little Bear did not make this argument at sentencing. Accordingly we review for plain error, which requires error, that is plain, and affects the defendant's substantial rights. *United States v. Boone*, 437 F.3d 829, 840 (8th Cir. 2006).

The record does not support Little Bear's argument. Little Bear faced a supervised release term of five years to life. *See* 18 U.S.C. § 3583(k). Section 3583 instructs courts to consider several of the factors set forth in 18 U.S.C. § 3553 in determining the length of supervised release. *Id.* These include the nature and circumstances of the offense, the history and characteristics of the offense, the need for deterrence, and the need to protect the public from further crimes. *Id.*

The court's decision to impose a thirty-year term of supervised release reflects consideration of the appropriate statutory factors, not punishment for assertion of the right to remain silent. The court's explanation reflects concern for deterrence and the nature of the offense: "if you are not willing to admit that what you did was wrong, there's nothing to say that you wouldn't do it again. And you took advantage of someone that was living in your same household." The court's decision also reflects the need to protect the public: "the probation office can make sure that you don't do the same type of activity to someone else in the future."

---

[2]In his principal brief, Little Bear challenged his conviction and sentence. But in his reply brief, Little Bear waived the challenges to his conviction and chose to pursue only his sentencing arguments.

Little Bear seeks support in *Mitchell v. United States*, 526 U.S. 314 (1999). In that case, the sentencing court determined that because Mitchell pleaded guilty, she had no right to remain silent at sentencing with respect to her crimes. *Id.* at 318-19. The Court held that determination violated the Fifth Amendment because the privilege against self-incrimination has force until the sentence has been fixed and the judgment of conviction has become final. *Id.* at 326. The Court expressly declined to speak on the relationship between silence and acceptance of responsibility. *Id.* at 330.

In *United States v. Spotted Elk*, we rejected the argument that a district court violates the privilege against self-incrimination by basing its choice of sentence within the applicable range on the defendant's failure to accept responsibility. 548 F.3d 641, 680 (8th Cir. 2008). In this case, the record reflects that the district court selected the term of supervised release, in part, on Little Bear's failure to accept responsibility. Under *Spotted Elk*, the district court did not err, much less commit plain error that substantially affected Little Bear's rights.

Little Bear also contends the court's action deters exercise of the right to demand a jury trial. But we have previously rejected the argument that the denial of an offense level reduction for acceptance of responsibility has a chilling effect on the right to trial. *United States v. Benitez*, 531 F.3d 711, 717 (8th Cir. 2008). Here, we see no chilling effect by the sentencing court's selection of a sentence within the sentencing range. *See Spotted Elk*, 548 F.3d at 680.

2. Conditions of supervised release

Little Bear contends that the district court violated the Double Jeopardy Clause by including conditions of supervised release in its written judgment not pronounced at sentencing. He relies on cases holding that "[w]here an oral sentence and the written judgment conflict, the oral sentence controls." *United States v. Foster*, 514 F.3d 821, 825 (8th Cir. 2008) (quotation omitted); *see also United States v. Tramp*,

30 F.3d 1035, 1037 (8th Cir. 1994) ("The oral pronouncement by the sentencing court is the judgment of the court.").

But no conflict exists between the pronouncement of the sentence and the written judgment. The conditions pronounced at sentencing included the following: "You shall comply with the standard conditions that have been adopted by this Court and the following special conditions." The court then recited the special conditions. Little Bear did not object to the imposition of the unrecited standard conditions. The judgment that followed contained thirteen conditions under the heading "STANDARD CONDITIONS OF SUPERVISION," none of which conflicted with the conditions pronounced at sentencing. We conclude Little Bear's argument is without merit.

### 3. Fine

Little Bear challenges the district court's imposition of a $750 fine. He argues the court failed to apply the factors enumerated in *United States v. Houchin*, 413 F.3d 750 (8th Cir. 2005). "A district court's imposition of a fine and the determination of the fine will not be reversed unless clearly erroneous." *United States v. Berndt*, 86 F.3d 803, 808 (8th Cir. 1996).

The Guidelines require that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *United States v. Hines*, 88 F.3d 661, 663 (8th Cir. 1996) (quoting U.S.S.G. § 5E1.1(a)). The district court need not provide detailed findings under each of the factors enumerated in U.S.S.G. § 5E1.2(a), but must provide enough information to show it considered the factors so that the appellate court can conduct meaningful review. *Houchin*, 413 F.3d at 751-52.

In this case the guideline fine range was $6,000 to $60,000, but the district court imposed a $750 fine. Little Bear objected to the imposition of the fine, relying on a

financial affidavit he filed with the court that he contended established his indigence and inability to pay a fine. The court overruled his objection. The court relied on the presentence investigation report to find that while incarcerated, Little Bear will have opportunity to earn money and that his thirty years of supervised release provide adequate time to pay $750. Although the district court did not exhaustively examine each *Houchin* factor, its explanation finds support in the presentence investigation report and is sufficient for meaningful review. We conclude the court did not clearly err in imposing a $750 fine.

The judgment of the court is affirmed.

_____