# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3558
_____

United States of America

*Plaintiff - Appellee*

v.

James Flannery

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2021
Filed: April 8, 2021
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After James Flannery pled guilty to three counts relating to his receipt of Social Security Disability Insurance (SSDI) payments to which he was not entitled, the district court[1] sentenced him to a prison term of 12 months and 1 day, ordered

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

him to pay $113,046.10 in restitution, and imposed a $5,500 fine. Flannery appeals only the imposition of the fine. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

From approximately January 2012 to May 2018, Flannery reported to the Social Security Administration that he was disabled and unable to work in order to obtain SSDI benefits. In fact, Flannery was operating a wooden pallet business and had income that he failed to report. In total, Flannery received $113,046.10 in SSDI benefits to which he was not entitled.

Following an indictment by a federal grand jury, Flannery pled guilty to wire fraud, in violation of 18 U.S.C. § 1343; misuse of a Social Security number, in violation of 42 U.S.C. § 408(a)(4); and theft of government funds, in violation of 18 U.S.C. § 641. Before sentencing, the United States Probation Office prepared a presentence investigation report (PSR). According to the PSR, Flannery has a net worth of $311,300, comprising $326,300 in assets and $15,000 in liabilities. The PSR also determined the United States Sentencing Guidelines (Guidelines) range for the fine to be $5,500 to $55,000. Flannery did not object to the content of the PSR before or at sentencing.

At sentencing, the district court adopted the PSR as its findings of fact. The district court stated that it had heard from the defense, read the PSR, considered the motions for downward variance and downward departure, read Flannery's letters of support, and considered Flannery's history of abuse by his parents. The court also referenced Flannery's current medical issues. The court additionally acknowledged the substance and severity of Flannery's crime, and it noted Flannery's criminal history, including that he committed the instant offense while on probation. The district court sentenced Flannery to three concurrent terms of 12 months and 1 day imprisonment, a downward variance from the Guidelines range of 18 to 24 months

imprisonment, and three years of supervised release. It also ordered him to pay $113,046.10 in restitution.

The district court additionally imposed a $5,500 fine. Defense counsel objected, arguing that the fine was "excessive" in light of the "large amount of restitution" and the time Flannery will spend in prison. R. Doc. 78, at 15. The district court overruled the objection, stating that it did not think the fine was excessive and that it was "appropriate in this situation." R. Doc. 78, at 16.

## II.

On appeal, Flannery challenges the imposition of the fine. When a defendant challenges the imposition of a fine, we review the imposition and amount of the fine for clear error. See United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012). Further, as we explained in Morais:

> The district court has statutory authority [under 18 U.S.C. § 3571] to impose a fine, and the sentencing guidelines[, USSG § 5E1.2(a),] recommend imposition of a fine in all cases, unless the defendant establishes that he is unable to pay and is not likely to become able to pay a fine. In determining whether to impose a fine and the amount of any fine, the court must consider a number of factors under the governing statutes and the applicable sentencing guideline. The district court need not provide detailed findings on each of the factors, but the court must consider at least "the factors relevant to the particular case before it." The court should make findings regarding the defendant's ability to pay, and should not impose a fine that the defendant has little chance of paying.

Id. at 893-94 (citations omitted).

Flannery argues that the district court erred by not explaining its reasons for imposing the $5,500 fine, contending that the record "bears no indication" that the district court considered the required factors under 18 U.S.C. § 3572(a), such as his

health and the fine's impact on his wife. Appellant's Br. 8. He also argues that the district court erred by imposing an "excessive" fine in view of the district court's insufficient factfinding regarding his ability to pay the fine and that the district court improperly relied upon the PSR. The district court stated before sentencing that it had considered various materials and Flannery's individual circumstances, that it did not think the fine was excessive, and that the fine was "appropriate in this situation." It expressly considered the unobjected-to PSR, which established that Flannery has a net worth of $311,300. "Unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Brooks, 648 F.3d 626, 629 (8th Cir. 2011) (per curiam) (citation omitted).[2] Flannery's restitution and fine together comprise a little over one-third of his net worth. The district court also heard the arguments of counsel, which included discussions of Flannery's income and earning capacity from his pallet business. Flannery's counsel stated that Flannery had "the wherewithal to pay the [$113,046.10] restitution" and that he intended to "pay the restitution off as soon as possible." R. Doc. 78, at 4-5. The district court also expressly mentioned Flannery's health before imposing the sentence and in fact cited his health as one of its reasons for granting a downward variance.

Finally, although Flannery contends that § 3572(a)(2) requires the district court to consider the fine's impact on his wife, § 3572(a)(2) actually requires the district court to consider "the burden that the fine will impose upon . . . any person who is financially dependent on the defendant." Flannery points to nothing in the

---

[2]Contrary to Flannery's arguments, United States v. Granados, 962 F.2d 767 (8th Cir. 1992), does not stand for the proposition that the district court here improperly relied upon the "unsupported, unverified PSR." In Granados, the PSR merely stated that the defendant owned a home, but the home's equity was not provided and there were no other assets specifically listed. 962 F.2d at 774. We stated that "[a] determination that the defendant has sufficient assets to pay the fine must be based on more than a statement to that effect in the PSR." Id. Here, however, the unobjected-to PSR listed specific assets and assigned values to those assets, demonstrating a net worth in excess of $300,000 and an ability to pay this bottom-of-the-Guidelines fine.

record demonstrating that his wife is financially dependent on him, and Flannery does not argue on appeal that she is. The PSR states that Flannery and his wife have been separated since October 2015 and that she is a full-time sales floor associate at Walmart. "[T]he court must consider at least 'the factors *relevant* to the particular case before it.'" Morais, 670 F.3d at 894 (emphasis added) (citation omitted); cf. United States v. Hines, 88 F.3d 661, 662-63 (8th Cir. 1996) (finding that district court erred in not considering the fine's impact on defendant's dependents where the terms of the fine payment left defendant's wife and stepson with no financial support and the wife had recently lost her job).

The district court was not required to "provide detailed findings on each of the [§ 3572(a)] factors," and it "did address the key issue: 'the defendant's income, earning capacity, and financial resources.'" Morais, 670 F.3d at 894 (citing 18 U.S.C. § 3572(a)(1)). "We are not left with a definite and firm conviction that a mistake was committed." Id. Accordingly, we find that the district court's imposition of the fine was not clearly erroneous.

### III.

For the foregoing reasons, we affirm the judgment of the district court.

_____